# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2021 | **DATE** | 10/3/2012 |
| **CASE TITLE** | Charles McClendon vs. Illinois Department of Transportation, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Illinois Department of Transportation's motion to dismiss [29] is denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    Plaintiff Charles McClendon has filed a five-count first amended complaint against the Illinois Department of Transportation ("IDOT"), James A. Stumpner, and Carmen W. Iacullo. Counts I and II, against IDOT, allege discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The other three counts allege that the individual defendants violated plaintiff's statutory and constitutional rights. Defendant IDOT has filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Procedure. For the following reasons, that motion is denied.

    Defendant IDOT argues that counts I and II of plaintiff's amended complaint should be dismissed because plaintiff failed to timely file a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). In Illinois, a claimant may sue under the federal anti-discrimination laws "only if he files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004) (internal quotation marks and citation omitted); *see also Pelnarsh v. R.R. Donnelley & Sons Co.*, 348 Fed.Appx. 178, 180 (7th Cir. 2009). Though the 300-day deadline is not jurisdictional, dismissal on a 12(b)(6) motion is appropriate where the pleadings, along with any documents within the public record, indicate that there are no well-pleaded facts that, if proven, would show that the plaintiff has filed a timely charge of discrimination with the EEOC.

    Defendant wishes to rely on plaintiff's charge of discrimination filed with the EEOC to show that plaintiff has not complied with the 300-day deadline. Plaintiff, however, has not attached the charge to the amended complaint. Initially, in its memorandum in support of its motion to dismiss, defendant relied on the EEOC charge attached as an exhibit to plaintiff's original complaint. But, as plaintiff points out, defendant cannot rely on the original complaint or its attachments as the amended complaint supersedes the original complaint and renders the original complaint void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). In an attempt to rescue its motion, defendant attached a copy of plaintiff's EEOC charge to its reply. In ruling on a Rule 12(b)(6) motion to dismiss, I generally may not consider documents

| STATEMENT |
|---|
| outside of the complaint.<br>     Even if I were to consider the charge, though, it would not support defendant's argument. To the contrary, the charge indicates that plaintiff may have filed his charge within the deadline. In his amended complaint, plaintiff alleges that he was terminated "on or about September 14, 2010." The charge, however, states that the latest instance of discrimination occurred on November 14, 2010. Assuming the later date, as I must do on a motion to dismiss, plaintiff filed his charge of discrimination within the 300-day deadline. Defendant's motion is denied. |